# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43106

| | |
|---|---|
| STATE OF IDAHO, | ) 2016 Unpublished Opinion No. 707 |
| | ) |
| Plaintiff-Respondent, | ) Filed: September 28, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| JOHN HARLAN HOY, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction for felony eluding a peace officer, misdemeanor leaving the scene of an accident, misdemeanor driving without privileges, misdemeanor resisting or obstructing officers, and misdemeanor inattentive driving, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Chief Judge

John Harlan Hoy was charged with felony eluding a peace officer, I.C. § 49-1404; misdemeanor leaving the scene of an accident, I.C. § 49-1301; misdemeanor driving without privileges, I.C. § 18-8001(3); misdemeanor resisting or obstructing officers, I.C. § 18-705; and misdemeanor inattentive driving, I.C. § 49-1401(3). During closing argument at Hoy's trial, the prosecutor referred to the jury's instructions defining the elements of each crime with which Hoy was charged and detailed the evidence presented at trial to prove those elements. The prosecutor concluded his argument by asking the jury to find Hoy guilty, particularly of eluding a peace officer, because the State proved beyond a reasonable doubt that Hoy drove his vehicle in a reckless manner likely to endanger other people--an element of eluding a peace officer. The

1

prosecutor then said, "That's what we're really here for is to protect the public, and that's why he is here because he put the public at risk." Hoy did not object to this comment. The jury found Hoy guilty. Hoy appeals.

Hoy made no contemporaneous objection to the prosecutor's comment. In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court clarified the fundamental error doctrine as it applies to allegations of prosecutorial misconduct. If the alleged misconduct was not followed by a contemporaneous objection, an appellate court should reverse when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

Hoy asserts that the prosecutor committed misconduct sufficient to violate Hoy's constitutional right to a fair trial. Hoy contends that a comment made by the prosecutor during closing argument was fundamental error. Specifically, Hoy argues that the prosecutor's comment, "That's what we're really here for is to protect the public," impermissibly appealed to the emotion, passion, or prejudice of the jury and that it raised the specter of possible future criminality as a reason for the jury to return a guilty verdict. The prosecutor's comment was made immediately after he stated that the State proved that the eluding was in a reckless manner likely to endanger other people--an element of the crime. *See* I.C. § 49-1404(2)(c).

Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id.*; *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *Phillips*, 144 Idaho at 86, 156 P.3d at 587. Appeals to emotion, passion, or prejudice of the jury through the use of inflammatory tactics are impermissible. *Phillips*, 144 Idaho at 87, 156 P.3d at 588. *See also State v. Raudebaugh*, 124 Idaho 758, 769, 864 P.2d 596, 607 (1993); *State v. Pecor*, 132 Idaho 359, 367, 972 P.2d 737, 745 (Ct. App. 1998).

2

Hoy contends that the prosecutor's comment appealed to the jury's emotion, passion, or prejudice by suggesting that it was the jury's job to protect the public and a conviction was necessary to accomplish that end. Hoy also contends that the prosecutor's comment implied that the jury had to find Hoy guilty to prevent him from putting the public at risk. We disagree. The comment, taken in isolation, could arguably be interpreted as asking the jury to prevent Hoy from again putting the public at risk. However, the context in which the prosecutor made his comment shows that he asked the jury to find Hoy guilty of eluding because the evidence indicated Hoy drove in a reckless manner to avoid police apprehension. Because driving in a manner likely to endanger another person is an element of felony eluding, it was not improper for the prosecutor to suggest the jury find Hoy guilty based on the State's evidence. Accordingly, the prosecutor's comment did not violate Hoy's constitutional right to a fair trial and did not amount to fundamental error.

Hoy has not met his burden of showing that the prosecutor committed misconduct amounting to fundamental error. Accordingly, Hoy's judgment of conviction for eluding a peace officer, leaving the scene of an accident, driving without privileges, resisting or obstructing officers, and inattentive driving is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.